MEMORANDUM ***
Wild Game appeals the district court’s order granting attorneys’ fees and costs in the amount of $119,084.91 as sanctions for litigation misconduct. Party-initiated sanctions under Rule 11 require strict compliance with the 21-day safe harbor provision of Rule 11. See Fed.R.Civ.P. 11(c)(2). Informal warnings threatening to seek Rule 11 sanctions are not enough, because they do not comply with the Rule’s “strict requirement that a motion be served on the opposing party twenty-one days prior to filing.” Radcliffe v. Rainbow Const Co., 254 F.3d 772, 789 (9th Cir.2001) (emphasis' in original) (citing Barber v. Miller, 146 F.3d 707, 710 (9th Cir.1998)). “It is the service of the motion that gives notice to a party and its attorneys that they must retract or risk sanctions.” Id. In this case, the district court erred in granting Wong’s motion for sanctions when the motion had not been served on Wild Game 21 days prior to filing. See id. Nor did the court issue an order to show cause as required by Rule 11(c)(3) prior to entering sanctions on the court’s own initiative.
REVERSED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.